UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-40162-GAO

LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN,
ERIC ROLDAN, ROLANDO S. JIMENEZ, and JENNIFER WARD,
on behalf of themselves and all others similarly situated,
Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION; CAROL HIGGINS O'BRIEN,
COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION;
KATHERINE CHMIEL, DEPUTY COMMISSIONER OF CLASSIFICATION, PROGRAMS,
AND REENTRY DIVISION; KELLY RYAN, SUPERINTENDENT OF MCI-SHIRLEY;
SEAN MEDEIROS, SUPERINTENDENT OF MCI-NORFOLK; STEVEN O'BRIEN,
SUPERINTENDENT OF THE MASSACHUSETTS TREATMENT CENTER; PAUL
HENDERSON, ACTING SUPERINTENDENT OF MCI-FRAMINGHAM; and
MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTHCARE,
Defendants.

OPINION AND ORDER
June 29, 2016

O'TOOLE, D.J.

The plaintiffs contend that the Massachusetts Department of Correction ("DOC"), its officers, and its contracted provider of healthcare services, Massachusetts Partnership for Correctional Healthcare, fail to adequately accommodate the needs of deaf and hard of hearing inmates in the DOC's custody, in violation of a number of statutory and constitutional rights. The plaintiffs have moved to certify a class of all present and future DOC inmates with hearing impairments. That motion was fully briefed and the Court heard argument on the issues presented.

The plaintiffs make a strong argument that class treatment is appropriate for at least some, and perhaps all, of their claims. Indeed, the DOC concedes that some of the claims are suitable for class adjudication. However, the DOC argues that it is too early in this litigation—proceeding only

on the pleadings and without the benefit of any discovery—to know whether class certification is appropriate for all the claims, as the plaintiffs assert. The DOC suggests denying the present motion without prejudice, subject to its later renewal after additional discovery shines more light on which claims are suitable for class certification.

The DOC's more cautious approach is the right one here. While a class should be certified at "an early practicable time" in the proceeding, see Fed. R. Civ. Pro. 23(c)(1)(A), the decision whether or not to certify a class should come only after a court has engaged in a "rigorous analysis" of the Rule 23 criteria, see Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351–52 (2011) (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982)). The plaintiffs' claims cover a variety of topics, from telecommunications services to hearing aids to American Sign Language translation during religious services. The plaintiffs—and the proposed class—experience a range of hearing impairments. There are too many unanswered factual questions at the moment to decide now to certify a class for all claims (or concomitantly, to decide that a class should not be certified for some claims).

All defendants have answered the Complaint; this case will now move into discovery, particularly including class discovery. When appropriate, the plaintiffs may refile their motion.

The plaintiffs' Motion for Class Certification (dkt. no. 26) is DENIED without prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge