## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN, ERIC ROLDAN, ROLANDO S. JIMENEZ, AND JENNIFER WARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>MASSACHUSETTS DEPARTMENT OF CORRECTION; THOMAS A. TURCO, III[1], COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION; CAROL MICI*, DEPUTY COMMISSIONER OF CLASSIFICATION, PROGRAMS, AND REENTRY DIVISION; RAY MARCHILLI*, SUPERINTENDENT OF MCI-SHIRLEY; SEAN MEDEIROS, SUPERINTENDENT OF MCI-NORFOLK; STEVEN O'BRIEN, SUPERINTENDENT OF THE MASSACHUSETTS TREATMENT CENTER; ALLISON HALLET*, SUPERINTENDENT OF MCI-FRAMINGHAM; AND MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTHCARE,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>C.A. No. 1:15-cv-40162-GAO |

## STIPULATED AMENDED PROTECTIVE ORDER

Plaintiffs Leonard Briggs, George Skinder, Rolando S. Jimenez, Louis Markham, Francis

McGowan, Eric Roldan, and Jennifer Ward, on behalf of themselves and all others similarly

situated, ("Plaintiffs"); and Defendants Massachusetts Department of Correction ("DOC");

Thomas A. Turco III, in his official capacity as Commissioner of DOC; Carol Mici, in her

official capacity as Deputy Commissioner of Clinical Services and Reentry; Ray Marchilli, in his

official capacity as Superintendent of MCI-Shirley; Sean Medeiros, in his official capacity as

---

[1] These parties, named in their official capacities, have been substituted as successors in office, under Fed. R. Civ. P. 25(d).

1

Superintendent of MCI-Norfolk; Steven O'Brien, in his official capacity as Superintendent of the

Massachusetts Treatment Center; and Allison Hallett, in her official capacity as Superintendent

of MCI-Framingham (collectively, the "DOC Defendants"), and the Massachusetts Partnership

for Correctional Healthcare, LLC ("MPCH"), (together with the DOC Defendants,

"Defendants"), by and through their undersigned counsel, hereby stipulate and agree to the

request for, and entry of, the following Amended Protective Order: [2]

1.   All documents, materials, items, and/or information that contain or comprise confidential

information produced or submitted during the course of this action either by a party or by a

nonparty to or for any of the parties shall be governed by this Amended Protective Order.

2.   Any information or materials produced by any party or nonparty as part of discovery in

this action may be designated by such party or nonparty as "Confidential" under the terms of this

Amended Protective Order.

3.   The terms of this Amended Protective Order shall apply to all manner and means of

discovery, including entry onto land or premises, and inspection of books, records, documents,

and tangible things.

**<u>Definition of "Confidential" Information or Material</u>**

4.   As a general guideline, information or materials designated as "Confidential" are those

things that the designating or producing party reasonably and in good faith believes: (a) contain

or disclose confidential and sensitive medical, personnel or financial data or information

involving privacy interests; (b) contain or disclose any information that may concern or impact

security at any DOC facility or location at which individuals in the custody of DOC are placed;

or (c) contain any other information subject to any protection from disclosure under any state or

---

[2] The original Protective Order was entered by the Court on October 11, 2016, Dkt. 56.

federal statute, regulation, or common law, including without limitation: "personal data" as defined and protected by the Massachusetts Fair Information Practices Act ("FIPA"), M.G.L. c. 66A; "protected health information" ("PHI"), as defined by the federal Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d and 45 C.F.R. §§ 160.103 and 164.501 (2003); information concerning an individual's HIV status, as protected by M.G.L. c. 111, § 70F; criminal offender record information, as defined and protected by M.G.L. c. 6, §§ 167 and 172; and any other information subject to protection under similar statutory grounds and associated regulations. Any party, including a third party, that produces documents or material containing such information shall designate the document or material, or portion(s) thereof containing such information, as "Confidential," pursuant to the provisions in Paragraph 6 of this Amended Protective Order.

    5.   Nothing in this Amended Protective Order is intended to, nor shall, in any way, alter the obligations imposed upon holders of information subject to any protection from disclosure under any state or federal statute, regulation, or common law in any future action, investigation, or matter. This Amended Protective Order is entered solely for the purposes of this litigation.

**Designation of Information or Material as "Confidential"**

    6.   The designation of information or material as "Confidential" for purposes of this Amended Protective Order shall be made in the following manner by the party or nonparty seeking protection:

        a.   In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" to each page of any document containing any confidential information or material at the time such documents are produced or

such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

      b.   In the case of depositions or other pretrial testimony:

           i.   By a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" hereunder; or

           ii.   By written notice of such designation sent by counsel to all parties within twenty-one (21) days after receipt by counsel of the transcript of the deposition.  During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Amended Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential."   During the twenty-one (21) days during which counsel can designate deposition and other pretrial testimony as "Confidential" by written notice, the parties shall treat all deposition and other pretrial testimony as "Confidential" hereunder pending receipt of such written notice.

**Disclosure and Use of Information or Material Designated as "Confidential"**

    7.   Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties solely in connection with this litigation, and not for any other purpose or function, and such information shall not be disclosed to anyone except as provided herein.

8. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

      a. Parties' counsel in this action, and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation only;

      b. Attorneys and staff in the DOC General Counsel's Office, the Massachusetts Executive Office of Public Safety and Security Chief Legal Counsel's Office, and the Governor's Office of Legal Counsel who are either working on or who have decision-making responsibility for this case;

      c. Consultants as defined in Paragraph 9 herein and subject to and conditioned upon compliance with Paragraph 10 herein;

      d. The Court, pursuant to Paragraph 12 herein;

      e. Court reporters and their necessary stenographic, videographic, and clerical personnel employed in connection with this action;

      f. The author, recipient, or person with personal knowledge of such information or material;

      g. Any deposition witness who has had or could properly obtain access to the information in the course of their employment; and

      h. Any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 10 herein.

9.  For purposes of Paragraph 8(c) herein, a consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

10. All persons listed in Paragraphs 8(c) and 8(h) above may be given access to information or material designated as "Confidential" provided that they first confirm their understanding and agreement to abide by the terms of this Amended Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A, which is to be retained by counsel until the completion of the litigation.

11. This Amended Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information, or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

a.  Was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

b.  Is or becomes publicly known through no fault or act of such party; or

c.  Is rightfully received by such party from a third party that has authority to provide such information or material and without restriction as to disclosure.

**Filing "Confidential" Information or Material**

12. Documents, interrogatory responses, responses to requests for admission, deposition transcripts, or other information or material designated as "Confidential," where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be

available for public inspection. Pleadings, memoranda, or other papers containing information

or material designated as "Confidential" shall also be filed in sealed envelopes marked with the

case name and number of this action, the title of the paper which contains the information or

material designated as "Confidential," and a statement substantially in the following form:

CONFIDENTIAL UNDER PROTECTIVE ORDER

THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE
COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO
BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE
WITH THE PROTECTIVE ORDER.

Any party is authorized under Local Rule 7.2 to file under seal with the Court any brief,

document, or materials that are designated as "Confidential" under this Amended Protective

Order.

**Challenging the "Confidential" Designation**

13. A party may challenge the designation of information or materials produced herein as

"Confidential" by serving a written objection upon the producing party. The producing party

shall notify the challenging party in writing of the bases for the asserted designation within ten

(10) days after receiving any written objection. The parties shall confer in good faith as to the

validity of the designation within five (5) days after the challenging party has received the notice

of the bases for the asserted designation. To the extent the parties are unable to reach an

agreement as to the designation, the objecting party may make an appropriate application to this

Court within fifteen (15) days after conferring with the producing party, with confidential

portions thereof to be kept under seal, requesting that specifically identified documents,

information and/or deposition testimony be excluded from the provisions of this Amended

Protective Order. Failure to make an application within this period shall constitute a waiver of

the objection. Until a dispute over the asserted designation is finally resolved by the parties or

the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential."

**Producing "Confidential" Information or Material**

14. Prior to producing "Confidential" documents, information, or material, the parties will promptly take such actions as may be necessary to ensure that the producing party is able to provide such "Confidential" documents, information, or material in compliance with the terms of all applicable state and federal laws and regulations regulating the disclosure of any such information. Without limiting the foregoing, prior to the production of "personal data" (as defined in M.G.L. c. 66A, § 1) in response to any discovery request, Defendants will promptly mail notices to all data subjects, pursuant to M.G.L. c. 66A, § 2(k), informing them that their personal data has been requested to be disclosed in response to compulsory legal process. "Data subject," as used in this Amended Protective Order, has the same meaning as defined in M.G.L. c. 66A, § 1, and therefore means an individual to whom personal data refers, but shall not include corporations, corporate trusts, partnerships, limited partnerships, trusts, or other similar entities. Such notice shall be made by First Class Mail to the current or last known address of each data subject, and each data subject shall be given thirty (30) days from the date of mailing to object to the disclosure of his or her information. Data subjects will be instructed to send any such objection to counsel for the Defendants. Upon the expiration of the thirty (30) day period, information concerning data subjects who have not affirmatively objected to such disclosure may be produced in accordance with this Amended Protective Order.

To the extent a data subject affirmatively objects to such disclosure within the thirty (30) day period, Defendants' counsel shall provide the names and contact information of those objectors to counsel for Plaintiffs. Counsel for Plaintiffs may, within ten business days, contact each

objector in an attempt to obtain an objector's consent to disclosure of such information. To the extent such consent is obtained, counsel for Plaintiffs shall facilitate the delivery of such written consent from the objector to Defendants' counsel, and such written consent shall operate to revoke any prior objection. To the extent an objector continues to object, counsel for Plaintiffs shall so inform Defendants' counsel, who will thereafter promptly provide the Court and Plaintiffs' counsel with a list of all objectors. Defendants shall not be required to produce any data pertaining to such data subject(s) until this Court rules on such objection(s), following the completion of such additional hearings or other procedures as the Court deems appropriate.

15. In the event that disclosure of information in the possession or control of a party involves the confidentiality rights of a non-party, including those created by a contract or agreement or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the person or entity whose information is subject to such contract, agreement, or protective order to disclose the information under this Order. If the consent of the person or entity cannot be obtained, the party in possession or control of the information will notify the party seeking discovery of: (a) the existence of the information without producing such information, and (b) the identity of the person or entity (provided, however, that such disclosure of the identity of the person or entity does not violate any confidentiality obligations under any federal or state law, or under any protective order issued in another action). The party seeking discovery may then make further application to the person or entity or seek other means to obtain such information. This Paragraph does not apply where state and federal law would otherwise permit production of the information without consent.

9

**Inadvertent Disclosure of "Confidential" Information or Material**

16. If a party inadvertently produces "Confidential" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated as "Confidential" under this Amended Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 8 above, as well as any copies made by such persons.

**Inadvertent Disclosure of "Privileged" Information or Material**

17. If a party inadvertently produces material that is later discovered to contain privileged information, the production of that material shall not be deemed to constitute a waiver of any applicable privileges, including but not limited to the attorney-client privilege and the work product doctrine, as long as the following procedures are followed:

a. If the producing party discovers that it has inadvertently produced privileged material, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) days of receiving such notification, the receiving party shall return or destroy all such materials, including any summaries thereof, and shall certify in writing that all such materials have been returned or destroyed.

b. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the material for reasons other than its inadvertent production.

c.  The receiving party may challenge the designation of material produced as privileged by serving a written objection upon the producing party within ten (10) days after receiving a notification of the inadvertent production.  The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection.  The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation.  To the extent the parties are unable to reach an agreement as to the designation, the challenging party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing party.

**Final Disposition of the Case**

18. The provisions of this Amended Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or destroy all such material, subject to its obligations, if any, under the Massachusetts Public Records Law, and shall certify in writing that all such information or material has been returned or destroyed. Counsel described in Paragraph 8(a) above shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any information or material

11

designated as "Confidential" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

**Miscellaneous**

19. All counsel for the parties who have access to information or material designated as "Confidential" under this Amended Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

20. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Amended Protective Order shall not:

a.   Operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects confidential information;

b.   Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

c.   Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

d.   Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Amended Protective Order;

e.  Prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Amended Protective Order;

f.  Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

g.  Prevent the parties to this Amended Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

21. Unless the Court orders otherwise, in the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use.

22. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party: (i) shall give prompt actual written notice, either by hand, electronic mail, or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those entities who produced or designated the information or material as "Confidential;" and (ii) shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Amended Protective Order to enforce such a subpoena, demand, or other legal process, the party shall respond by setting forth the existence of this  Amended Protective Order.  Nothing herein shall be construed as requiring the party or anyone else

13

covered by this Amended Protective Order to challenge or appeal any order requiring production of information or material covered by this Amended Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

23. It is the present intention of the parties that the provisions of this Amended Protective Order shall govern discovery and other pretrial proceedings in this action. This Order does not govern trial or other public proceedings. The parties shall address the Court at a later date on appropriate procedures for trial and other public proceedings. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Amended Protective Order by application to the Court on notice to the other party hereto for good cause.

24. The parties agree to be bound by the terms of this Amended Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be addressed as if the Amended Protective Order had been entered by the Court.

**Plaintiffs Leonard Briggs, George Skinder, Rolando S. Jimenez, Louis Markham, Francis McGowan, Eric Roldan, and Jennifer Ward,**

By their attorneys,

Dated:  December 7, 2016

*/s/ Elizabeth Matos (with consent)*
Tatum A. Pritchard, BBO #664502
tpritchard@plsma.org
Elizabeth Matos, BBO #671505
lmatos@plsma.org
PRISONERS' LEGAL SERVICES
10 Winthrop Square, 3rd Floor
Boston, MA 02110
(617) 482-277

*/s/ Lisa J. Pirozzolo*
Lisa J. Pirozzolo, BBO# 561922

14

Alexandra B. Bonneau, BBO #687785
Jocelyn M. Keider, BBO #694801
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
lisa.pirozzolo@wilmerhale.com
alexandra.bonneau@wilmerhale.com
jocelyn.keider@wilmerhale.com

*/s/ Deborah M. Golden (with consent)*
Deborah M. Golden (DC 479578)
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS & URBAN AFFAIRS
350 S. Grand Avenue
11 DuPont Circle, NW, Suite 400
Washington, DC 20036
(202) 319-1000

15

**Defendants Massachusetts Department of Correction; Thomas A. Turco III; Carol Mici; Ray Marchilli; Sean Medeiros; Steven O'Brien; and Allison Hallett,**

**By Their Attorney,**
**MAURA HEALEY**

*/s/   Dennis N. D'Angelo (with consent)*
Kirk G. Hanson, BBO# 655534
Dennis N. D'Angelo, BBO #666864
Anna Rachel Dray-Siegel, BBO# 679443
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2974
kirk.hanson@state.ma.us
dennis.dangelo@massmail.state.ma.us
anna.rachel.dray-siegel@state.ma.us

**The Defendant,**
**Massachusetts Partnership for Correctional Healthcare, LLC**

**By Its Attorneys,**

*/s/   Curtis Carpenter (with consent)*
William Joseph Flanagan, BBO #556598
jflanagan@morrisonmahoney.com
Curtis Carpenter, BBO #657358
ccarpenter@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4887

SO ORDERED:

Dated: _____ December 27, 2016 _____

_____
George A. O'Toole, Jr.
United States District Judge

16

**EXHIBIT A**

| | |
|---|---|
| LEONARD BRIGGS, GEORGE SKINDER, LOUIS ) <br> MARKHAM, FRANCIS MCGOWAN, ERIC ) <br> ROLDAN, ROLANDO S. JIMENEZ, AND ) <br> JENNIFER WARD, on behalf of themselves and all ) <br> others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> MASSACHUSETTS DEPARTMENT OF ) <br> CORRECTION, et al., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 1:15-cv-40162-GAO |

## <u>UNDERTAKING PURSUANT TO THE AMENDED PROTECTIVE ORDER</u>

I, _____, state that:

    1.  My address is _____. My present employer is

_____, and my present occupation is _____.

    2.  I have received a copy of the Amended Protective Order entered by the Court in the

above-captioned Action.

    3.  I have read and understand all the provisions of the Amended Protective Order, agree to

comply with all of its provisions, and specifically agree that I will not use or disclose any

"Confidential" information or material received except as permitted by the Order.

    4.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Amended Protective Order and waive any and all objections to jurisdiction and venue.


I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____             By: _____

                                                    (signature)