UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-40162-GAO

LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN,
ERIC ROLDAN, ROLANDO S. JIMENEZ, and JENNIFER WARD, on behalf of themselves
and all others similarly situated,
Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION; CAROL A. MICI,[1]
COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION;
JENNIFER A. GAFFNEY,* DEPUTY COMMISSIONER OF CLASSIFICATION,
PROGRAMS, AND REENTRY DIVISION; COLETTE M. GOGUEN,* SUPERINTENDENT
OF MCI-SHIRLEY; STEVEN SILVA,* SUPERINTENDENT OF MCI-NORFOLK; LISA
MITCHELL,* SUPERINTENDENT OF THE MASSACHUSETTS TREATMENT CENTER;
ALLISON HALLET,* SUPERINTENDENT OF MCI-FRAMINGHAM; and
MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTHCARE,
Defendants.

PRELIMINARY APPROVAL ORDER
July 26, 2019

O'TOOLE, D.J.

The plaintiffs and defendants have filed a joint motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving their settlement agreement, which resolves all claims in this action except for plaintiffs' claims defined as "Reserved Claims" in the settlement agreement. The Court has read and considered the motion and attached exhibits, the settlement agreement, and the arguments made by the parties.

For settlement purposes, the Court preliminarily certifies a plaintiff class consisting of all individuals who are currently in Massachusetts Department of Correction ("DOC") custody or in

---

[1] These parties, named in their official capacities, have been substituted as successors in office. Fed. R. Civ. P. 25(d).

the future are placed in DOC custody, and who are currently or in the future become deaf or hard of hearing.

The Court preliminarily finds, for purposes of the settlement, that the elements required for certification pursuant to Rule 23 of the Federal Rules of Civil Procedure have been satisfied: (a) the members of the class are so numerous that their joinder in this action would be impracticable; (b) there are questions of law and fact common to the class that predominate over any individual questions, as well as appropriate injunctive and declaratory relief; (c) the plaintiffs' claims are typical of the claims of the class; (d) plaintiffs' counsel has fairly and adequately represented and protected the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court preliminarily finds that the settlement agreement attached as Exhibit 2 to the motion for preliminary approval appears to be fair, reasonable, and adequate. Under the terms of the settlement agreement, DOC will update its policies where necessary for consistency with the settlement agreement, and implement new practices regarding: (i) the identification and tracking of deaf and hard-of-hearing inmates; (ii) the care, treatment, and accommodation of deaf and hard-of-hearing inmates by DOC's contract medical provider; (iii) the provision of qualified sign language interpreters; (iv) the provision of telecommunication devices; (v) the implementation of new training programs for DOC staff; (vi) the provision of visual and tactile notifications of non-emergency announcements to deaf and hard-of-hearing inmates; and (vii) consideration of a deaf or hard-of hearing inmate's request at classification hearings to be housed at a DOC facility that already houses another deaf or hard-of-hearing inmate. The settlement agreement also requires DOC to revise existing, relevant internal policies to ensure they comply with applicable laws and the other provisions within the settlement agreement.

Under the settlement agreement, the parties will consult and timely agree upon a third party to serve as the settlement monitor to assess DOC's compliance with the terms of the settlement agreement. The settlement monitor will prepare bi-annual reports regarding DOC's implementation of and compliance with the terms of the settlement agreement and will share those reports with DOC and plaintiffs' counsel.

The settlement agreement calls for plaintiffs to dismiss DOC from this action, with the exception of plaintiffs' claims defined as "Reserved Claims" in the settlement agreement, if and when the Court issues final approval of the settlement agreement.

The Court will retain jurisdiction over this action during the settlement term (3 years) and will be the sole forum for enforcement of the settlement's terms, as described in the settlement agreement.

In addition, the Court preliminarily finds that plaintiffs and plaintiffs' counsel fairly and adequately represented the interests of the class, and that the proposed settlement was negotiated at arms' length and treats class members equitably.

The Court approves the proposed notice attached as Exhibit 3 to the motion as appropriate in this case and reasonably calculated to reach absent class members.

Upon entry of this Preliminary Approval Order, the written notice shall be issued to class members by Prisoners' Legal Services sending the notice through first-class mail to currently identified class members in DOC custody and by DOC posting the notice in a common area in each DOC facility. Class members shall file any written objection to the proposed settlement no later than September 6, 2019.

A final fairness hearing shall take place on September 25, 2019 at 2:00 p.m. in Courtroom 22, 7th Floor of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston,

Massachusetts 02210, to determine whether the proposed settlement is fair, adequate, and reasonable as to the class members and should be approved.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge