UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-40162-GAO

LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN,
ERIC ROLDAN, ROLANDO S. JIMENEZ, AND JENNIFER WARD, on behalf of
themselves and all others similarly situated,
Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION; CAROL A. MICI,[1]
COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION;
JENNIFER GAFFNEY, DEPUTY COMMISSIONER OF CLASSIFICATION, PROGRAMS,
AND REENTRY DIVISION; SUZANNE THIBAULT, SUPERINTENDENT OF MCI-
SHIRLEY; STEVEN SILVA, SUPERINTENDENT OF MCI-NORFOLK; LISA MITCHELL,
SUPERINTENDENT OF THE MASSACHUSETTS TREATMENT CENTER; KYLE
PELLETIER, ACTING SUPERINTENDENT OF MCI-FRAMINGHAM; AND
MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTHCARE,
Defendants.

FINAL SETTLEMENT APPROVAL ORDER
November 25, 2019

O'TOOLE, S.D.J.

After issuing a Preliminary Approval Order (dkt. no. 207), granting the Joint Motion to Preliminarily Approve Settlement, Certify Plaintiff Class, Approve Class Notice, and Schedule Fairness Hearing (the "Joint Motion to Preliminarily Approve Settlement") (dkt. no. 199), and after a fairness hearing held on November 6, 2019 (dkt. no. 216), the Court finds that:

1. A plaintiff class consisting of all individuals who are currently in Massachusetts Department of Correction ("DOC") custody or in the future are placed in DOC custody, and who are currently or in the future become deaf or hard of hearing (the "Class"), satisfies the elements

---

[1] These parties, named in their official capacities, have been substituted as successors in office, under Fed. R. Civ. P. 25(d).

required for certification for purposes of settlement pursuant to Fed. R. Civ. P. 23(a) and (b)(2):

   a. the members of the Class are so numerous that their joinder in this action would be impracticable;

   b. there are questions of law and fact common to the Class that predominate over any individual questions, as well as appropriate injunctive and declaratory relief;

   c. the Plaintiffs' claims are typical of the claims of the Class;

   d. Plaintiffs' counsel has fairly and adequately represented and protected the interests of the Class; and

   e. a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. The Settlement Agreement, attached hereto as Exhibit 1, is fair, reasonable, and adequate, because:

   a. Plaintiffs' Class was adequately represented by the Class representatives and Plaintiffs' counsel;

   b. the Settlement Agreement was the product of arm's-length negotiation;

   c. the Settlement Agreement provides Class members with adequate relief; and

   d. the Settlement Agreement treats Class members equitably.

Therefore, a class consisting of all individuals who are currently in DOC custody or in the future are placed in DOC custody, and who are currently or in the future become deaf or hard of hearing is hereby certified for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(2), and the partial settlement of this case pursuant to the terms and conditions of the Settlement

Agreement is hereby approved pursuant to Fed. R. Civ. P. 23(e).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge