UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LEONARD BRIGGS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS DEPARTMENT OF CORRECTION, *et al*, <br><br> Defendants.[1] | ) <br> ) <br> ) C.A. No. 1:15-cv-40162-GAO <br> ) <br> ) <br> ) <br> ) <br> ) **MASSACHUSETTS DEPARTMENT OF** <br> ) **CORRECTION DEFENDANTS' MOTION** <br> ) **FOR SUMMARY JUDGMENT** <br> ) <br> ) <br> ) |

## INTRODUCTION

This is an action brought by deaf and hard-of-hearing inmates within the custody of the Massachusetts Department of Correction ("DOC"). The parties have settled most of the plaintiffs' claims through a comprehensive settlement agreement under which DOC has agreed to update its policies and procedures relating to deaf and hard-of-hearing inmates. (Docket Entry No. 222).

The *gravamen* of plaintiffs' remaining claims is that "DOC facilities lack effective visual systems for notifying deaf and hard of hearing prisoners of emergency alarms and announcements, which also places them at risk of serious physical injury and other harms." (Complaint, ¶ 115, Docket Entry No. 1). The plaintiffs assert that this alleged infirmity violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794(a), *et. seq.*, and the Eighth and Fourteenth Amendments. The plaintiffs seek a permanent injunction requiring DOC to install visual emergency alarms in the cells of deaf and hard-of-hearing inmates.

---

[1] The DOC Defendants are the DOC, Commissioner Carol A. Mici, Deputy Commissioner Jennifer A. Gaffney, Superintendent Suzanne Thibault, Superintendent Steven Silva, Superintendent Lisa Mitchell, and Acting Superintendent Kyle Pelletier. The DOC officials, named in their official capacities, have been substituted as successors in office, under Fed. R. Civ. P. 25(d).

The DOC Defendants respectfully ask this Court, pursuant to Fed. R. Civ. P. 56, to grant them summary judgment on all counts. The DOC Defendants agree for purposes of this motion that the plaintiffs are qualified individuals with disabilities entitled to "meaningful access," Theriault v. Flynn, 162 F.3d 46, 48 (1st Cir. 1998), to emergency notifications. As explained in the accompanying Memorandum of Law, however, the record does not substantiate the plaintiffs' claims that they have been denied meaningful access to emergency notifications or that there is a sufficient likelihood that they will be deprived of meaningful access in the future such that they are entitled to injunctive relief.

Even if this Court were to find that DOC's notification practices violate the law and remedial action is required, the plaintiffs are incorrect in assuming entitlement to an order requiring DOC to install in-cell visual emergency alarms. Instead, principles of comity and the Prison Litigation Reform Act, as codified in 18 U.S.C. § 3626, require that DOC first be accorded an opportunity to craft less drastic and intrusive remedial measures to remedy any violations. Indeed, leaving aside DOC's entitlement to devise remedial steps in the first instance, it cannot be required to install in-cell visual alarms because they are not required under ADA Standards, and installing in-cell visual alarms would constitute an undue financial burden.

The plaintiffs' Eighth Amendment and Fourteenth Amendment claims are without merit because the record does not reflect either a substantial risk of serious harm to deaf and hard-of-hearing inmates or deliberate indifference on the part of DOC officials.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the accompanying Memorandum of Law, the Defendants ask this Court to grant them summary judgment on all counts.

        Respectfully submitted,

        NANCY ANKERS WHITE
        Special Assistant Attorney General

Dated:  December 20, 2019

        <u>/s/ Timothy M. Pomarole</u>
        Timothy M. Pomarole
        BBO #: 660827
        Legal Division
        Department of Correction
        70 Franklin Street, Suite #600
        Boston, MA 02110
        (617) 727-3300, ext. 1158
        Timothy.Pomarole@doc.state.ma.us

## CERTIFICATE OF SERVICE

      I, Timothy M. Pomarole, hereby certify that a true and accurate copy of this document was served via ECF to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on December 20, 2019.

                              */s/ Timothy M. Pomarole*
                              Timothy M. Pomarole

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for the parties have conferred regarding this Motion.

                              */s/ Timothy M. Pomarole*
                              Timothy M. Pomarole