UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-40162-GAO

LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN, ERIC ROLDAN, ROLANDO S. JIMENEZ, AND JENNIFER WARD, on behalf of themselves and all others similarly situated,
Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION; CAROL A. MICI,[1] Commissioner of the Massachusetts Department of Correction; JENNIFER GAFFNEY, Deputy Commissioner of Classification, Programs, and Reentry Division; SUZANNE THIBAULT, Superintendent of MCI-Shirley; STEVEN SILVA, Superintendent of MCI-Norfolk; LISA MITCHELL, Superintendent of the Massachusetts Treatment Center; KYLE PELLETIER, Acting Superintendent of MCI-Framingham; and MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTHCARE, LLC,
Defendants.

ORDER
August 20, 2021

O'TOOLE, S.D.J.

The Court resolves the following matters as follows:

1. The Plaintiffs' Motion for Leave to File Reply in Support of Plaintiff's Motion to Strike Portions of Massachusetts Department of Correction Defendants' Affidavit of Jeffrey Quick (dkt. no. 250) is GRANTED nunc pro tunc.

2. The Verified Motion of Class-Action Member Emory G. Snell Jr., Requesting Show Cause for Contempt of Settlement Agreement (dkt. no. 233) and the Motion for Injunctive Relief to Close MASAC Center by Eric Kelly (dkt. no. 253) are DENIED.

---

[1] These parties, named in their official capacities, have been substituted as successors in office, under Fed. R. Civ. P. 25(d).

3. The Plaintiffs move for certification of a class consisting of: "All individuals who are currently in Massachusetts Department of Correction ("DOC") custody or in the future are placed in DOC custody, and who are currently or in the future become deaf or hard-of-hearing." The plaintiffs seek certification utilizing the same class definition the Court already approved for purposes of the Settlement Agreement for the remaining claims that concern DOC's emergency notification systems. The remaining claims present a common central question of whether the DOC through its conduct and practice, fails to provide effective notification of facility emergency alarms and announcements to deaf and hard-of-hearing prisoners. To obtain class certification under Fed. R. Civ. P. 23(a) the plaintiffs must first satisfy the four requirements demonstrating that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Here, the prerequisites of numerosity, commonality, typicality, and adequacy are all satisfied.

The plaintiffs also seek class certification under Fed. R. Civ. P. 23(b)(2) which "applies only when a single injunction or declaratory judgment would provide relief to each member of the class." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360 (2011). The plaintiffs have satisfied the requirements of Rule 23(b)(2) by demonstrating that a single remedy could provide relief to all class members.

Accordingly, the Plaintiffs' Assented-to Motion for Class Certification (dkt. no. 251) is GRANTED. The Court certifies the following class:

> All individuals who are currently in Massachusetts Department of Correction ("DOC") custody or in the future are placed in DOC custody, and who are currently or in the future become deaf or hard-of-hearing.

The Court appoints, as requested, the movants' counsel, James R. Pingeon of Prisoners' Legal Services, Tatum A. Pritchard of Disability Law Center, Inc., Lisa J. Pirozollo of Wilmer Cutler Pickering Hale and Dorr LLP, and Emily Gunston of Washington Lawyers' Committee for Civil Rights and Urban Affairs as class counsel under Fed. R. Civ. P. 23(g).

4. The Joint Motion to Amend Settlement Agreement (dkt. no. 254) is GRANTED. Thus Section XX.H of the Settlement concerning the Term of Agreement is thus amended to state as follows:

> The term of this Agreement shall commence upon the date of Final Approval by this Court and shall extend for four (4) years from said date of Final Approval. The Court's jurisdiction shall terminate at the end of the four (4) year settlement period with respect to any provision or provisions of this Agreement for which there is no outstanding determination, or pending claim, that DOC is not in substantial compliance, i.e., is in substantial non-compliance. If the Court determines that there has been substantial non-compliance by DOC with a provision or provisions of this Agreement at any time during the four (4) year period of this Agreement, the Court's jurisdiction with respect to such provision or provisions relating thereto shall continue for the remainder of the four (4) year period or for an additional period to be ordered by the Court of not more than two (2) years from the date of the Court's finding that DOC is not in substantial compliance.
>
> Subject to the provisions set forth in this section and in Section XVI (Dispute Resolution and Enforcement), this Agreement shall expire at the end of four (4) years from the date of Final Approval by the Court and the Action shall then be dismissed with prejudice.
>
> However, DOC will continue to provide all accommodations required under law, including under the U.S. Constitution, the ADA, Section 504 of the Rehabilitation Act, and Massachusetts law, along with any other applicable federal and state laws, regardless of any term limit applicable to this Agreement.

The Settlement Agreement's presumptive settlement period is extended an additional one year to November 25, 2023.

It is SO ORDERED.

           /s/ George A. O'Toole, Jr.
           Senior United States District Judge