UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-40162-GAO

LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN,
ERIC ROLDAN, ROLANDO S. JIMENEZ, and JENNIFER WARD,
on behalf of themselves and all others similarly situated,
Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION; CAROL A. MICI,[1] Commissioner of the Massachusetts Department of Correction; JENNIFER GAFFNEY, Deputy Commissioner of Classification, Programs, and Reentry Division; SUZANNE THIBAULT, Superintendent of MCI-Shirley; STEVEN SILVA, Superintendent of MCI-Norfolk; LISA MITCHELL, Superintendent of the Massachusetts Treatment Center; KYLE PELLETIER, Acting Superintendent of MCI-Framingham; and MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTHCARE, LLC,
Defendants.

ORDER
October 20, 2022

O'TOOLE, D.J.

The Court resolves two pending motions as follows:

1. The Plaintiff Class Member's Verified Motion for (1) Consequential Relief, or (2) Defendant's Contempt of Settlement Agreement, by Either Discrimination for Disability, or Retaliation for Federal Causation (dkt. no. 268) is DENIED.

2. The defendant Massachusetts Department of Correction ("DOC") seeks leave to conduct further discovery from members of the class who are not named plaintiffs (the "absent class members") concerning the plaintiffs' remaining claim that the "DOC facilities lack effective visual systems for notifying deaf and hard of hearing prisoners of emergency alarms and

---

[1] The defendants, named in their official capacities, have been substituted as successors in office pursuant to Fed. R. Civ. P. 25(d).

announcements, which also places them at risk of serious physical injury and other harms." (Class Action Compl. ¶ 115 (dkt. no. 1).)

After the denial of the DOC's motion for summary judgment, the parties jointly requested that the Court allow a brief period of supplemental discovery concerning the DOC's emergency notification systems. On November 10, 2021, the Court granted the parties' request, permitting an additional seventy-five days to conduct such discovery. The DOC thereafter filed the present motion, seeking leave to propound to class members who are not named parties to the action some further interrogatories and a request for production of documents.

Ordinarily, under the Federal Rules of Civil Procedure, "discovery techniques—such as interrogatories, document requests, and requests for admissions—only apply to named plaintiffs in a class action, not absent class members." In re Publ'n Paper Antitrust Litig., No. 3:04 MD 1631(SRU), 2005 WL 1629633, at *1 (D. Conn. July 5, 2005). Courts are cautioned to be particularly "attentive to the possibility of abuse when discovery is targeted directly or indirectly at passive class members." In re Porsche Automobil Holding SE, 985 F.3d 115, 121 (1st Cir. 2021).

Although requests for discovery from absent class members are generally disfavored, courts have considered requests where the proposed discovery: "(1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." Fishon v. Peloton Interactive, Inc., 336 F.R.D. 67, 70–71 (S.D.N.Y. 2020) (quoting In re Warner Chilcott Ltd. Sec. Litig., No. 06 Civ. 11515(WHP), 2008 WL 344715, at *2 (S.D.N.Y. Feb. 4, 2008)). The DOC's proposed discovery requests implicate more than 500 absent class members, including individuals who may require an interpreter or other auxiliary aids or services to respond to the requests. It is evident that the issuance of the requested interrogatories and request for production of documents

2

on all absent class members would be unduly burdensome for both the individuals and for class counsel. Furthermore, the DOC has "not identified any such class member whose knowledge about classwide issues is superior to that of the named plaintiffs." Redmond v. Moody's Inv. Serv., 92 CIV. 9161 (WK), 1995 WL 276150, at *2 (S.D.N.Y. May 10, 1995). Accordingly, the Massachusetts Department of Correction's Motion to Take Discovery from Absent Class Members (dkt. no. 269) is DENIED.

    It is SO ORDERED.

                                              /s/ George A. O'Toole, Jr.
                                              United States District Judge