# Exhibit F

**DECLARATION OF BRIAN H. SHERMAN**

1. My name is Brian Sherman. I am 60 years old and am currently incarcerated in the Thompson 2 Unit at NCCI-Gardner.

2. Over thirteen years ago, I was working as a firefighter and responded to a large explosion. The explosion resulted in hearing loss in both ears. My hearing loss is more severe in my right ear than in my left. Soon after this accident, I was prescribed hearing aids by a medical provider. I have been diagnosed with moderately severe hearing loss. *See* Denial of Appeal, dated April 20, 2023, attached hereto.

3. When I was incarcerated in 2010, I continued to use the hearing aids I had been given in the community. They have operated well for nearly thirteen years but finally failed in February of 2023.

4. Following the *Briggs* settlement, I asked DOC for permission to use the CapTel phones and was approved. When I had access to CapTel, I would use it as frequently as possible. I relied heavily on the captions and amplified the volume to the highest level. I did not use the regular phones during this period if a CapTel phone was available to me.

5. In addition to CapTel, I have received other accommodations, such as a vibrating watch and a sign on my door and a sticker for my ID indicating that I am hard-of-hearing. I also have trouble hearing announcements over the public announcement system and verbal commands from correctional officers, but have never been offered a pager for notifications.

6. Sometime in 2023, I was given an audiogram by a provider at NCCI-Gardner and issued new hearing aids soon after. I typically only wear my hearing aids in quieter environments because they end up amplifying all sounds in louder settings, which hinders my ability to hear.

1

7. When I first began using CapTel, I realized how much I had been missing in previous conversations. The captions allowed me to be fully engaged instead of constantly missing parts of the conversation.

8. CapTel access was also instrumental to my survival in prison because it helped me maintain relationships with my loved ones. My youngest daughter was only nine years old when I was incarcerated. She is now twenty-two. The CapTel phones allowed me to be a father to her. We would discuss everything that was going on in her life and explore our shared interests. I would even walk her through how to make dinner over the phone. These calls allowed us to stay connected over the years in a way that would not have been possible without a phone that accommodated my hearing impairment.

9. In January of 2023, DOC revoked my access to CapTel. I was given a reassessment of my disability accommodations by Deputy Superintendent Christine Larkin, the ADA Coordinator at my facility. Former Director of Treatment Kerry Keefe was also present. During the assessment, I informed them that CapTel was one of the accommodations I use most frequently. They asked if I had any issue using the regular phones and I told them that I could not effectively communicate with traditional phones, even with hearing aids and a pocket talker. I also explained that I cannot hear properly on the regular phone and must ask the speaker to constantly repeat themselves. Despite this, my access was revoked because the "overall determination of level of [my] hearing deficit by medical did not indicate the need for denied accommodations of CapTel." *See* Disability Accommodations Resource Assessment, dated January 19, 2023, attached hereto. ADA Coordinator Larkin gave no other explanation for the decision to deny my CapTel and did not address my inability to effectively communicate using the regular phone.

10. On March 1, 2023, I filed an ADA appeal of this decision, requesting a reinstatement of my access to CapTel. I explained that I cannot communicate effectively with my family on the regular phones, and that they are not substantially equal to the CapTel phone given my hearing impairment. *See* Appeal of Denial of Request for Reasonable Accommodation, dated March 1, 2023, attached hereto.

11. DOC ADA Coordinator, James O'Gara, denied my appeal, stating that "there was a lack of supporting information and documentation" to support my request and that it was "not clinically indicated at this time." *See* Denial of Appeal, dated April 20, 2023, attached hereto.

12. A few months ago, I was sent to see an audiologist at Lemuel Shattuck Hospital, who issued me a new set of hearing aids. It is my understanding that these hearing aids can be connected to a device that is attached to the regular phones so that I can use them during calls, but the regular phones at MTC do have this connector device.

13. About a month ago, Director of Treatment Keefe completed another ADA assessment with me and I was again denied CapTel on the basis that my hearing impairment is not severe enough for me to use CapTel.

14. Although I have previously made phone calls using regular phones, they are not adequate substitutes for the CapTel phone. I frequently ask people to repeat themselves because I cannot hear them. I also often end up calling back once the twenty-minute call has ended because I need more clarification, whereas on the CapTel, the allotment of forty minutes gave me time to fully understand the speaker. This is very frustrating for both me and my loved ones.

15. Additionally, the phones in my unit are very close together (so that I am trying to hear over someone talking on a phone right next to me) and located in loud areas where there

are usually a lot of people speaking at one time. My hearing aids do not help because they do not discriminate between the speaker on the phone and the environmental noise. Despite these major problems, I have chosen to struggle with the regular phone because it is better than not communicating at all with my family. Having contact with people outside of prison makes a world of difference in my mental health, stability, and ability to tolerate the prison environment.

Signed under pains and penalties of perjury.

Dated: October 6, 2023

_____
Brian Sherman

# Disability Accommodation Resources Assessment

**Date of Assessment ***

01/19/2023

**Institution ***

NCCI

**Inmate Name ***

Brian Sherman

**Inmate ID No. ***

W97411

**Assessment Conducted by: ***

C. Larkin

**Which Describes You? ***

I am HARD OF HEARING

**I'm HARD OF HEARING in: ***

Both Ears

**Do you need auxiliary aids/services to complete this assessment? ***

No

**Do you have the ability to read and write? ***

Yes

**Language(s) you can read/write: ***

English   Other

**Other Language(s) ***

| Hebrew |

**Level of Hearing Determined by Audiogram ***

| Moderate-Severe Loss 56-70dB ▼ |

**Medically Indicated Auxiliary Aids/Services ***

| Hearing Aids ✕ | ▼ |

**Are you currently recommended for/issued hearing aid(s)? ***

| Yes ▼ |

**Which device(s) do you presently use? ***

| Hearing Aid(s) ✕ | ▼ |

**In: ***

| Both Ears ▼ |

**Can you effectively communicate while wearing a hearing aid? ***

| Yes ▼ |

**Can you effectively communicate on traditional inmate telephones with hearing aid(s) and/or an amplification device such as a pocket talker? ***

| No ▼ |

**Please indicate what, if any, telecommunication device accommodations you are requesting: ***

| CapTel Captioned Telephone ✕   Telephone with Amplified Volume Control ✕ | ▼ |

**Can you understand announcements made verbally by staff and/or via a public address (PA) system? ***

| No ▼ |

**Please indicate what, if any, Aid(s) and/or Service Accommodations you are requesting: ***

| Closed Captioned Video ✕   ID Card or Badge ✕   ID Sign for Room ✕ |

[Picture Flashcard ✕]   [Vibrating Watch ✕]

**Please indicate what, if any, Secondary Aid(s) and/or Communication Accommodations you are requesting: ***

[None at this time ✕] ▼

**Do you know and use American Sign Language (ASL) as your primary method of communication? ***

[No] ▼

**Please indicate what, if any, Communication, Interpretation, Translation or Transliteration Accommodations you are requesting: ***

[None at this time ✕] ▼

**Results of Disability Accommodation Resources Assessment: ***

[Request(s) Denied ✕] ▼

**Reasonable Accommodations Granted ***

[Amplified Telephone ✕]   [Picture Flashcard ✕]   [Vibrating Watch ✕]   [Other ✕] ▼

**Other Reasonable Accomodations Granted ***

[ID Card or Badge ✕]   [ID Sign for Room ✕]   [Closed Captioned Video ✕] ▼

**Reasonable Accommodations Denied ***

[CapTel Captioned Telephone ✕] ▼

**Refer to Medical ***

02/07/2023 📅

**Explanation of Denial: ***

Inmate's overall determination of level of hearing deficit by medical did not indicate the need for the denied accommodation(s) of CapTel.

**Signature of Institution ADA Coordinator ***

Christine Larkin

**Date ***

02/07/2023

☑ **Inmate has been provided an Appeal Form (Attachment B). The Appeal Form for this process shall be submitted to the Institution ADA Coordinator who will then forward to the Department's ADA Coordinator for Inmates for review and response.**

**File Upload**

Drag and drop files here or browse files

*Please print form prior to submission for Inmate copy and Inmate ADA Record.*

☑ Send me a copy of my responses

**Email address**

Christine.Larkin@doc.state.ma.us

Submit

Powered by 🔲 smartsheet

Privacy Notice | Report Abuse

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

DEPARTMENT OF CORRECTION

MAR 7 2023

#HSADA 23-148

HEALTH SERVICES DIVISION

Attachment B
(Page 1 of 2)

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION

## APPEAL FROM DENIAL OF REQUEST FOR REASONABLE ACCOMMODATION

| Name of Inmate: Brian Sherman | Inmate's #: W97411 |
|---|---|
| Institution: NCCI | |

**Rationale for appeal:** My request for continued access to the CapTel telephone was denied. The basis for this is in contravention to the Briggs agreement. Which states that "any decision to deny and auxilliary aid or service selected by an inmate must be based on individual assessment of the inmate and not on any set guidelines, protocols or threshold levels of hearing loss on an inmates audiogram." And 103DOC408 #8 "Primary consideration means the department must honor the choice unless it can demonstrate that another equally effective means of communication is available." The amplified telephones are only marginally better than a non-amplified telephone. I experience difficulty effectively communicating with my family on them. They are not substantially equal. I am thus being denied access to a program of reasonable accomodation arbtrarily and capriciously. This program benefits me in my equal communication with family and friends. As protected by the Americans with Disablities Act.

**What accommodation(s) are you requesting for your disability?**

Access to the CapTel equipment for my telephone calls.

I expressly agree to cooperate in the handling of my request, including but not limited to, agreeing to be interviewed by medical/mental health staff, as well as agreeing to an examination by medical/mental health staff in an effort to resolve the request. Additionally, I understand that my Request for Reasonable Accommodation (Attachment A) will be reviewed by the Department ADA Coordinator for Inmates during the appeal process.

Brian H. Sherman
**Inmate Printed Name**

*[signature]* March 1, 2023
**Inmate Signature and Date**

**Please send completed form to:**
Department Inmate ADA Coordinator
Health Services Division
50 Maple Street
Milford, MA 01757

**To be completed by** Department ADA Coordinator for Inmates:

**RE: Brian Sherman #W97411 NCCI Gardner**

Request for reasonable accommodation appeal received on: **3-7-23**
                                                            Date

Medical staff has been consulted regarding appeal (circle one):
            **YES**        NO

Date: **3-17-23**

Name of Medical/Mental Health Staff Consulted: **Crystal Pratt, RN, BSN, Health Service Administrator, Wellpath, NCCI Gardner**

Date: **3-17-23**

A medical order exists concerning inmate's accommodation:
       YES (please attach)    **NO**

Request for reasonable accommodation is:
       Granted (    ); Modified (    );      Denied ( **XXX** )

Basis for decision:

**Please see attached letter.**

Signatures: **James M. O'Gara Jr.** /s/            Date: **April 20, 2023**
Department ADA Coordinator for Inmates




*The Commonwealth of Massachusetts*
*Executive Office of Public Safety & Security*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, MA 01757*
*Tel: (508) 422-3300*
*www.mass.gov/doc*

**MAURA T. HEALEY**
*Governor*

**KIMBERLEY DRISCOLL**
*Lieutenant Governor*

**TERRENCE M. REIDY**
*Secretary*

**CAROL A. MICI**
*Commissioner*

**SHAWN P. JENKINS**
*Chief of Staff*

**KELLEY J. CORREIRA**
**ROBERT P. HIGGINS**
**MITZI S. PETERSON**
**THOMAS J. PRESTON**
*Deputy Commissioners*

April 20, 2023

Mr. Brian Sherman #W97411
North Central Correctional Institution

**RE: Appeal from Denial of Request for Reasonable Accommodation**

Dear Mr. Sherman:

I am in receipt of your Appeal from Denial of a Request for Reasonable Accommodation. I have thoroughly reviewed your request for a reasonable accommodation to access a CapTel captioned telephone due to your reported hearing impairment. I have reviewed your individual Disability Accommodation Resources Assessment regarding auxiliary aids and services conducted by Deputy Superintendent of Reentry Christine Larkin on January 19, 2023. Additionally, I have consulted with Ms. Crystal Pratt R.N., BSN, Health Service Administrator, Wellpath, for North Central Correctional Institution to determine if you have been assessed for your reported hearing impairment and to determine if there is a clinical need for you to be provided access to the CapTel captioned telephone. Ms. Pratt in consultation with the Medical Provider has confirmed you have been assessed and currently have been diagnosed with moderately severe hearing loss. Ms. Pratt has also confirmed you have been clinically indicated for and provided hearing aids to assist you with your hearing needs. Ms. Pratt has confirmed in consultation with the Medical Provider that there is currently no clinical indication that your current hearing necessitates the use of a CapTel captioned telephone to effectively utilize a telephone. Ms. Pratt in consultation with the Medical Provider has confirmed your approved reasonable accommodation to access a traditional amplified/hearing aid compatible telephone would allow you to effectively communicate in utilizing the telephone. If you seek additional medical evaluations regarding your hearing, please submit a sick call slip to the Health Services Unit at North Central Correctional Institution where your request will be reviewed and responded to accordingly. Please continue to work with the Medical Health staff at your institution to address any clinical needs you may have.

Based upon the totality of information and documentation I was able to review regarding your appeal your request for a reasonable accommodation for access to a CapTel captioned telephone

is denied at this time. My review concluded that there was a lack of supporting information and documentation to include your individual Disability Accommodation Resources Assessment conducted by Deputy Superintendent Larkin and the clinical information provided to me by Ms. Pratt in consultation with the Medical Provider that did not support your request to be provided a CapTel captioned telephone at this time. It is not clinically indicated at this time. Additionally, a review of your institutional grievance records indicates that there have been no grievances filed by you indicating your hearing needs are not being met. A review of your institutional disciplinary records indicates that there have been no disciplinary proceedings where your hearing may have been at issue. A review of institutional incident reports indicates that there have been no documented issues where your hearing may have been at issue. I have also reviewed your telecommunication use over the last year and have determined that you have appropriately and effectively utilized the traditional amplified/hearing aid compatible telephones made available to you for your telecommunication needs.

If you have any further questions regarding your denied reasonable accommodation request, please send me a written correspondence in order that I can address your concerns. All correspondence can be sent to my attention at 50 Maple Street, Milford, MA 01757.

Sincerely,

James M. O'Gara Jr.
Department ADA Coordinator for Inmates
Health Services Division

Cc: Mr. Matthew Divris, Superintendent, North Central Correctional Institution
　　Ms. Christine Larkin, Deputy Superintendent of Reentry, (Institution ADA Coordinator), NCCI
　　Ms. Crystal Pratt, R.N., B.S.N., Health Service Administrator, Wellpath, NCCI
　　File