# Exhibit G

## DECLARATION OF DANIEL LAPLANTE

1. My name is Daniel LaPlante. I am 53 years and am incarcerated in Unit 3-3 at MCI-Norfolk.

2. In around 2018, when I was at Bridgewater State Hospital, I noticed that I was having trouble hearing those around me. I started to miss parts of conversations and would often have to ask people to repeat themselves.

3. Around this time, I requested a hearing test from medical staff but never received one.

4. When the COVID-19 pandemic hit, I found it difficult to understand people when they were wearing masks and realized that I had begun relying partially on lip-reading.

5. Around 2020, I was transferred to MCI-Norfolk, where I received my first hearing test. I was given generic hearing aids (not molded to my ears) for both ears.

6. Around late 2020 or early 2021, I met with Deputy Superintendent Sherry Elliot, who was the ADA Coordinator at MCI-Norfolk at the time. She went through a Disability Resource Assessment Form with me and asked me which accommodations I thought I needed for my hearing impairment. I did not request any accommodations then.

7. A few months later, I sent a letter to ADA Coordinator Elliot asking for approval to use the CapTel phones due to my hearing disability. She sent a letter back confirming that I was approved to use the CapTels.

8. After being approved for CapTel use, I relied primarily on the CapTels to make calls and would typically make about three to four calls a day, each for the 40 minutes allotted per call. I relied on the captions and used them to fill in words or sentences I missed, or to ensure that I understood the speaker correctly.

9. Until I started using the CapTel phones, I had no idea how much of my conversations I had previously missed on the regular phones. The captions allowed me to engage more fully in each conversation. In addition, the sound on the CapTel phones was much clearer than on the regular phones. The volume settings were more variable and the highest volume was much louder than the highest setting on the regular phones. I typically used the CapTel on its highest volume setting.

10. The CapTel phones greatly improved my ability to communicate with my closest friends and family members, including my girlfriend, because the captions allowed me to verify what they were saying in real-time. This meant that I did not have to constantly interrupt to ask them to repeat themselves, and that they did not have to continually check in with me to ensure that I could hear them.

11. I occasionally used the regular phone to make calls when I had access to CapTel because CapTel users had to sign up each day in advance to access the CapTel phones and all of the evening slots were usually all filled up by the time I tried to get one.

12. On February 10, 2023, I was called in for a meeting with MCI-Norfolk Director of Classification, Jennifer Gilardi, who went through a Disability Accommodations Resource Assessment with me. I informed her that I relied on the captions and higher volume on the CapTels to communicate via phone and that I could not effectively use the regular phone. Director Gilardi approved me for a vibrating watch, a sign for my door and a sticker for my ID indicating that I am hard-of-hearing, and "volume control telephone," which I understand to just mean the regular phone. However, she denied me access to CapTel and to a pager for text notifications on the basis that there were new medical guidelines for CapTel and pager eligibility, and that I no longer qualified for

either based on the results of my most recent audiogram. I remember feeling as if this decision were preordained and that there was nothing I could have said to change her mind.

13. Soon after, I received a copy of my assessment form from Deputy Superintendent Jody Hockert-Lotz, who had replaced Deputy Superintendent Elliot as ADA Coordinator, stating that I had "moderate" hearing loss and that I was no longer approved for CapTel access because I did not "meet clinical guidelines" for this service. *See* Disability Accommodations Resource Assessment, dated February 10, 2023, attached hereto. The decision gave no other explanation for the decision to deny my CapTel and did not address my inability to effectively communicate using the regular phone.

14. On February 16, 2023, I filed an appeal of this decision stating that Director of Treatment Gilardi denied me access to CapTel based on the new clinical guidelines and that she did not give primary consideration to my preferences, as is required by the settlement agreement in this case. I also explained that I had been given access to CapTel two years prior based on a previous assessment, and that my hearing had not improved in the intervening time. *See* Appeal from Denial of Request for Reasonable Accommodation, dated February 16, 2023, attached hereto.

15. On April 18, 2023, I received a response from DOC ADA Coordinator James O'Gara stating that access to CapTel was not "clinically indicated" for me at this time. *See* Decision on Appeal, dated April 18, 2023, attached hereto. This response did not address the complaints I made in my appeal and to facility staff about my inability to properly communicate on the regular phones and the many ways in which access to CapTel has been beneficial to me as an accommodation.

16. Since losing access to CapTel, I have had to make more phone calls on the regular phone because I often have to call people back to make sure I have not misunderstood them. I now typically make one to two calls a day and always use the regular phone on its highest volume setting. I usually use the phone in the corner of my unit in an attempt to avoid ambient noise from the unit interfering with my conversation, but it is impossible to avoid all background noise. There are usually people talking or playing cards in the unit most hours of the day.

17. I am unable to use my hearing aids with the regular phone because the section of each hearing aid that picks up sound is behind my ear, which means that it picks up noise from my unit instead of the sound from the phone.

18. In addition, unlike the CapTels, most of the regular phones do not have a headphone jack, so I cannot use headphones to reduce environmental noise.

19. Losing access to CapTel has made it more difficult for me to connect or feel close to my family and friends. It is very frustrating for my girlfriend when I ask her to repeat herself over and over. It distracts us from the actual conversation, and results in anxiety and frustration. Our conversations are also shorter now that I can only make 20-minute calls, which means that we waste some of the precious time we have each other clarifying what we have said instead of connecting with and supporting one another.

Signed under pains and penalties of perjury.

Dated: October 4, 2023

                                                                                                     _____

                                                                                                     Daniel LaPlante

# Disability Accommodation Resources Assessment

**Date of Assessment ***

[ 02/10/2023 ]

**Institution ***

[ NOR ▼ ]

**Inmate Name ***

[ Daniel LaPlante ]

**Inmate ID No. ***

[ W45448 ]

**Assessment Conducted by: ***

[ Jennifer Gilardi ]

**Which Describes You? ***

[ I am HARD OF HEARING ✗    ▼ ]

**I'm HARD OF HEARING in: ***

[ Both Ears ▼ ]

**Do you need auxiliary aids/services to complete this assessment? ***

[ No ▼ ]

**Do you have the ability to read and write? ***

[ Yes ▼ ]

**Language(s) you can read/write: ***

[ English ✗    ▼ ]

6   DOC_Briggs_AppendixA_09_002722

**Level of Hearing Determined by Audiogram \***

| Moderate Loss 41-55dB ▼ |

**Medically Indicated Auxiliary Aids/Services \***

| Hearing Aids ✗                                               ✗ ▼ |

**Are you currently recommended for/issued hearing aid(s)? \***

| Yes ▼ |

**Which device(s) do you presently use? \***

| Hearing Aid(s) ✗                                              ✗ ▼ |

**In: \***

| Both Ears ▼ |

**Can you effectively communicate while wearing a hearing aid? \***

| Yes ▼ |

**Can you effectively communicate on traditional inmate telephones with hearing aid(s) and/or an amplification device such as a pocket talker? \***

| No ▼ |

**Please indicate what, if any, telecommunication device accommodations you are requesting: \***

| CapTel Captioned Telephone ✗   Telephone with Amplified Volume Control ✗    ✗ ▼ |

**Can you understand announcements made verbally by staff and/or via a public address (PA) system? \***

| No ▼ |

**Please indicate what, if any, Aid(s) and/or Service Accommodations you are requesting: \***

| Hearing Aid(s) ✗   ID Card or Badge ✗   ID Sign for Room ✗   Picture Flashcard ✗   Vibrating Watch ✗                                          ✗ ▼ |

**Please indicate what, if any, Secondary Aid(s) and/or Communication Accommodations you are requesting: ***

| None at this time ✕ |

**Do you know and use American Sign Language (ASL) as your primary method of communication? ***

| No |

**Please indicate what, if any, Communication, Interpretation, Translation or Transliteration Accommodations you are requesting: ***

| None at this time ✕ |

**Results of Disability Accommodation Resources Assessment: ***

| Request(s) Partially Granted/Denied ✕ |

**Reasonable Accommodations Granted ***

| Amplified Telephone ✕   Picture Flashcard ✕   Vibrating Watch ✕   Other ✕ |

**Other Reasonable Accomodations Granted ***

| ID Card or Badge ✕   ID Sign for Room ✕ |

**Reasonable Accommodations Denied ***

| CapTel Captioned Telephone ✕ |

**Refer to Medical ***

| 02/10/2023 |

**Explanation of Denial: ***

| Subject does not meet clinical guidelines for these services. |

**Signature of Institution ADA Coordinator ***

| Jodi Hockert-Lotz |

**Date ***

| 02/10/2023 |

8                                             DOC_Briggs_AppendixA_09_002724

DEPARTMENT OF CORRECTION

FEB 2 3 2023

#HSADA23-117

HEALTH SERVICES DIVISION

Attachment B
(Page 1 of 2)

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

### APPEAL FROM DENIAL OF REQUEST FOR REASONABLE ACCOMMODATION

| **Name of Inmate:** LaPlante, Dan | **Inmate's #:** W45448 |
|---|---|

| **Institution:** MCI-Norfolk ||

**Rationale for appeal:**

I have been approved for CapTel services for almost two years, due to being hard-of-hearing. My hearing has not improved since my original assassment.

Jennifer Gilardi ("Gilardi") did a re-assessment on Febuary 10, 2023, at which time I particularly requested CapTel services. In denying CapTel services, Gilardi did not give primary consideration to my requested preferences, and stated I only had "moderate hearing loss, and I did not meet the threshold for CapTel access," and on the form Gilardi later provided to me, she wrote, "subject does not meet clinical guidelines for the services [CapTel].

[Continue on separate page]

**What accommodation(s) are you requesting for your disability?**

Request access to CapTel services.

I expressly agree to cooperate in the handling of my request, including but not limited to, agreeing to be interviewed by medical/mental health staff, as well as agreeing to an examination by medical/mental health staff in an effort to resolve the request. Additionally, I understand that my Request for Reasonable Accommodation (Attachment A) will be reviewed by the Department ADA Coordinator for Inmates during the appeal process.

Daniel LaPlante                     *Daniel LaPlante*   Feb. 16, 2023
**Inmate Printed Name**             **Inmate Signature and Date**

**Please send completed form to:**
Department Inmate ADA Coordinator
Health Services Division
50 Maple Street
Milford, MA 01757

[Continued from form]

This denial is a violation of the Americans with Disability Act, and the Briggs decision, which clearly states that, "Any decision to deny auxiliary aid or services selected by an inmate must be based on an individualized assessment of the inmate, and not on any set guidelines, protocols, or threshold levels of hearing loss shown on an inmate's audiogram."

Denying my request for accommodations, based on the level of my hearing loss, is a violation.

**To be completed by** Department ADA Coordinator for Inmates:

**RE: Daniel LaPlante #W45448    MCI Norfolk**

Request for reasonable accommodation appeal received on:
Date:  **2-23-23**

Medical staff has been consulted regarding appeal (circle one):
                        **YES**            NO

Date:  **3-15-23**

Name of Medical/Mental Health Staff Consulted: **Andrea Howe, LMHC, Health Services Adminstrator, Wellpath, MCI Norfolk**

Date:  **3-16-23**


A medical order exists concerning inmate's accommodation:
         YES (please attach)    **NO**


Request for reasonable accommodation is:
         Granted (    );  Modified (    );       Denied ( **XXX**  )

Basis for decision:

**Please see attached letter.**

Signatures: **James M. O'Gara Jr.** _____  Date: **April 18, 2023**
Department ADA Coordinator for Inmates




The Commonwealth of Massachusetts
Executive Office of Public Safety & Security
Department of Correction
50 Maple Street, Suite 3
Milford, MA 01757
Tel: (508) 422-3300
www.mass.gov/doc

**MAURA T. HEALEY**
Governor

**KIMBERLEY DRISCOLL**
Lieutenant Governor

**TERRENCE M. REIDY**
Secretary

**CAROL A. MICI**
Commissioner

**SHAWN P. JENKINS**
Chief of Staff

**KELLEY J. CORREIRA**
**ROBERT P. HIGGINS**
**MITZI S. PETERSON**
**THOMAS J. PRESTON**
Deputy Commissioners

April 18, 2023

Mr. Daniel LaPlante #W45448
MCI Norfolk

**RE: Appeal from Denial of Request for Reasonable Accommodation**

Dear Mr. LaPlante:

I am in receipt of your Appeal from Denial of a Request for Reasonable Accommodation. I have thoroughly reviewed your request for reasonable accommodations for access to a CapTel captioned telephone due to your reported hearing impairment. I have reviewed your individual Disability Accommodation Resources Assessment regarding auxiliary aids and services conducted by Director of Classification Jennifer Gilardi on February 23, 2023. Additionally, I have consulted with Ms. Andrea Howe, LMHC, Health Service Administrator, Wellpath, at MCI Norfolk to determine if you have been assessed for your reported impairment and to determine if there is a clinical need for you to be provided with access to a CapTel captioned telephone due to your reported hearing impairment. Ms. Howe in consultation with the Medical Provider has confirmed you have been assessed and currently are diagnosed with moderate hearing loss. Ms. Howe has confirmed you have been clinically indicated and have received hearing aids to assist you with your hearing needs. Ms. Howe has confirmed in consultation with the Medical Provider that there is currently no clinical indication that your current hearing necessitates the use of a CapTel captioned telephone to effectively utilize a telephone. Ms. Howe in consultation with the Medical Provider has confirmed your approved reasonable accommodation to access a traditional amplified/hearing aid compatible telephone would allow you to effectively communicate in utilizing the telephone. If you seek additional medical evaluations regarding your hearing, please submit a sick call slip to the Health Services Unit at MCI Norfolk where your request will be reviewed and responded to accordingly. Please continue to work with the Medical Health staff at your institution to address any clinical needs you may have.

Based upon the totality of information and documentation I was able to review regarding your appeal your request for a reasonable accommodation to access a CapTel captioned telephone is denied at this time. My review concluded that there was a lack of supporting information and

documentation to include your individual Disability Accommodation Resources Assessment conducted by Director Gilardi and the clinical information provided to me by Ms. Howe in consultation with the Medical Provider that did not support your request to be provided access to a CapTel telephone at this time. It is not clinically indicated at this time. Additionally, a review of your institutional grievance records indicates that there have been no grievances filed by you indicating your hearing needs are not being met until your most recent removal from accessing the CapTel. A review of your institutional disciplinary records indicates that there have been no disciplinary proceedings where your hearing may have been at issue. A review of institutional incident reports indicates that there have been no documented issues where your hearing may have been at issue. I have also reviewed your telecommunication use over the last year and have determined that you have appropriately and effectively utilized the traditional amplified/hearing aid compatible telephones made available to you for your telecommunication needs.

If you have any further questions regarding your denied reasonable accommodation request, please send me a written correspondence in order that I can address your concerns. All correspondence can be sent to my attention at 50 Maple Street, Milford, MA 01757.

Sincerely,

James M. O'Gara Jr.
Department ADA Coordinator for Inmates
Health Services Division

Cc:  Mr. Nelson Alves, Superintendent, MCI Norfolk
    Ms. Jodi Hockert-Lotz, Deputy Superintendent (Institution ADA Coordinator), MCI Norfolk
    Ms. Andrea Howe, LMHC, Health Service Administrator, Wellpath, MCI Norfolk
    File