## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN, ERIC ROLDAN, ROLANDO S. JIMENEZ, AND JENNIFER WARD, *on behalf of themselves and all others similarly situated*, )))))) | |
| | C.A. No. 1:15-cv-40162-RGS |
| Plaintiffs, ) | Leave to File Granted on Feb. 27, 2024 |
| v. ) | |
| MASSACHUSETTS DEPARTMENT OF CORRECTION, *et al.*, )) | |
| Defendants. ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO FIND THE MASSACHUSETTS DEPARTMENT OF CORRECTION IN SUBSTANTIAL NON-COMPLIANCE WITH THE SETTLEMENT AGREEMENT

Defendants' Response to Plaintiffs' Motion to Find the Massachusetts Department of Correction in Substantial Non-Compliance with the November 25, 2019 Settlement Agreement (Dkt. 372, "Response") does not deny that the Department of Correction ("DOC") has systematically denied class members access to captioned telephone ("CapTel") devices and pagers based on threshold levels of hearing loss on an audiogram alone and without giving primary consideration to class members' expressed preferences in contravention of the Settlement Agreement ("Agreement").[1]  Instead, Defendants' Response focuses entirely on several actions they purport to have recently taken "to address the plaintiffs' concerns." Response 2.  While these actions—taken nearly a year after Plaintiffs and the independent

---

[1] The Agreement was included as Exhibit A to Plaintiffs' Brief in Support of the present Motion. Dkt. 363-1.

Settlement Monitor informed Defendants of their non-compliance—are a welcome step, they are not sufficient to cure Defendants' non-compliance.  Therefore, the Court should grant Plaintiffs' Motion and extend the term of the Agreement for all CapTel- and pager-related provisions and order Defendants to provide regular status reports and document productions to Plaintiffs' counsel regarding their remediation efforts to come into compliance with those provisions.

## ARGUMENT

### I.  Defendants Continue to Be in Substantial Non-Compliance with the Settlement Agreement

As contemplated by the Agreement, Plaintiffs' Motion is based upon "evidence of a pattern of non-compliance," including "the Settlement Monitor's written reports," that far exceeds "minor or isolated delays in compliance."  Agreement § XVI.  Defendants' Response does not dispute the evidence or substantive allegations of non-compliance, and the Court therefore should grant Plaintiffs' motion regardless of any remedial actions Defendants claims to now be taking. *See* Agreement § XX(H) ("If the Court determines *that there has been* substantial non-compliance by DOC with a provision or provisions of this Agreement *at any time* during the three (3) year period of this Agreement, the Court's jurisdiction with respect to such provision or provisions relating thereto shall continue for the remainder of the three (3) year period or for an additional period to be ordered by the Court of not more than two (2) years from the date of the Court's finding that DOC is not in substantial compliance.") (emphasis added); *Rolland v. Cellucci*, 138 F. Supp. 2d 110, 114 (D. Mass. 2001) (assessing whether defendants were in substantial compliance with settlement agreement as of the date the parties were unable to resolve the issue through the agreement's informal dispute resolution process, regardless of defendants' later actions to come into compliance).

While the actions recited in Defendants' Response are a step in the right direction, Defendants remain in substantial non-compliance with the Agreement's requirements. For example, while Defendants assert that they have reinstated CapTel and pager access to all class members who previously had their access revoked (Response 2), they have refused to provide Plaintiffs' counsel with documents showing the identify or even the number of individuals whose access has been reinstated.[2] In addition, there remain many class members who have never been able to access CapTels and pagers because they were wrongfully denied these accommodations in the first place. While Defendants state that they are conducting a new Disability Accommodation Resource Assessment ("DARA") of each class member over the next 60 days (*Id.* at 3),[3] those re-assessments have not yet occurred, and Defendants are still therefore indisputably in substantial non-compliance with the requirements of the Agreement.

II.      **The Extent of Defendants' Remediation is Unclear**

An order finding Defendants in substantial non-compliance, extending the Agreement's terms, and requiring regular status reports and document production is necessary because multiple open questions remain regarding the extent and effectiveness of Defendants' actions to comply with the relevant sections of the Agreement. For example, while Defendants assert that they have reinstated access to all people who have had their CapTel and pager access revoked, Defendants have not provided Plaintiffs with a list of such people, and Plaintiffs' counsel have received reports that some class members still have not had their access restored. Additionally,

---

[2] Any privacy concerns over providing such information to Plaintiffs' counsel is misplaced. The Agreement requires Defendants to regularly provide the names, accommodations, and disability assessments of all Deaf and hard-of-hearing people in DOC custody. Agreement § XII(B)(1) & Appendix A.

[3] Sixty days is also nearly twice as long as the time period specified for such assessments under the Agreement. Agreement § IV(D) (assessment must be initiated "no later than five (5) days after an inmate has been identified as deaf or hard-of-hearing" and shall be completed "within thirty (30) days thereafter").

simply reminding facility ADA Coordinators that the Agreement requires them to honor class members' accommodation preferences and not to base decisions on threshold levels of hearing loss as shown by an audiogram may not be enough to cure Defendants' non-compliance. It remains to be seen whether Defendants' completion of a new DARA for each class member will result in class members receiving the access to CapTels and pagers to which they are entitled, or whether Defendants will continue to improperly disregard the requirements of the Agreement as they did when class members went through this process previously.  Further, the role of Wellpath's Guidelines, which provided the justification for Defendants' improper accommodation denials, remains opaque in Defendants' proposed reassessments; while Defendants' counsel represented to Plaintiffs' counsel that the Guidelines had been rescinded, Defendants' Response is silent regarding the status of the Guidelines, or any the existence of any replacement policy.

The appropriate way to resolve these questions and ensure Defendants' compliance with the CapTel- and pager-related settlement provisions is through extension of those terms, as well as regular status reports on Defendants' remediation efforts.  Specifically, in addition to the three-times-a-year document productions specified by the Agreement (Section XIII(B)(1)), the Court should order the Defendants to:

1.  produce immediately documentation identifying all class members who have had CapTel and/or pager access restored, as well as documentation explaining Wellpath's role in the reassessment of class members, including any directives to Wellpath personnel regarding the Guidelines, and

2.  produce on a rolling basis every two weeks a status report on Defendants' efforts to come into compliance with the Agreement's CapTel- and pager-related provisions, and the

DARA forms and appeals of class members as they go through Defendants' reevaluation process, until that process is complete.

III.   **Judicial Oversight and Enforcement is Necessary**

Despite the Settlement Monitor's report in January 2023, and Plaintiffs' initiation of the Agreement's dispute resolution process in March 2023, Defendants refused until February of this year to remedy their wrongful practice of denying class members their preferred accommodations based solely on the fact that their level of hearing loss shown in the audiogram did not meet the Wellpath threshold.  It was not until more than two months after Plaintiffs filed the present motion that Defendants agreed to take some steps towards compliance.  Defendants' refusal to engage constructively in resolving the issues without the threat of court intervention demonstrates the need for continued judicial oversight and enforcement authority, and the Court should enter an order extending the CapTel- and pager-related Agreement provisions for an additional year from the date of the order, as well as requiring the supplemental document productions and status reports described *supra*.

## CONCLUSION

For the foregoing reasons, as well as those in Plaintiffs' Brief in Support of their Motion (Dkt. 363), the Court should grant Plaintiffs' Motion.

Dated: February 27, 2024                    Respectfully submitted,

**Plaintiffs Leonard Briggs, George Skinder, Rolando S. Jimenez, Louis Markham, Francis McGowan, Eric Roldan, and Jennifer Ward,**

By their attorneys,

*/s/ James R. Pingeon*
James R. Pingeon, BBO #541852
PRISONERS' LEGAL SERVICES
50 Federal St., 4th Floor
Boston, MA 02110
(617) 482-2773
jpingeon@plsma.org

*/s/ Tatum A. Pritchard*
Tatum A. Pritchard, BBO #664502
DISABILITY LAW CENTER, INC.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723-8455
tpritchard@dlc-ma.org

*/s/ Lisa J. Pirozzolo*
Lisa J. Pirozzolo, BBO #561922
Megan E. Barriger, BBO #687707
Stephanie Lin, BBO #690909
George F. Manley, BBO #703665
Rama Vine, BBO# 699395
Tess Ambrose Foley, BBO #703417
Christina Luo, BBO #705590
Edward W. Hasen, BBO #709251
John F. Saylor, BBO #711611
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Lisa.Pirozzolo@wilmerhale.com
Megan.Barriger@wilmerhale.com
Stephanie.Lin@wilmerhale.com
George.Manley@wilmerhale.com
Rama.Vine@wilmerhale.com
Tess.Foley@wilmerhale.com
Christina.Luo@wilmerhale.com
Ted.Hasen@wilmerhale.com
John.Saylor@wilmerhale.com

*/s/ Kaitlin Banner*
Kaitlin Banner (DC Bar #1000436)
WASHINGTON LAWYER'S COMMITTEE FOR

CIVIL RIGHTS AND URBAN AFFAIRS
700 14th St. N.W., Suite 400
Washington, DC 20005
(202) 319-1000
Kaitlin_Banner@washlaw.org

## **CERTIFICATE OF SERVICE**

I, James R. Pingeon, hereby certify that a true and accurate copy of this document was

served via ECF to all registered participants as identified on the Notice of Electronic filing and

paper copies will be sent to those indicated as nonregistered participants on February 27,

2024.

*/s/ James R. Pingeon*
James R. Pingeon, BBO #541852