UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONARD BRIGGS, GEORGE SKINDER,
LOUIS MARKHAM, FRANCIS McGOWAN,
ERIC ROLDAN, ROLANDO S. JIMENEZ,
and JENNIFER WARD, on behalf of themselves
and others similarly situated,
    Plaintiffs,

    v.

MASSACHUSETTS DEPARTMENT
OF CORRECTION, *et al.,*
    Defendants.

CIVIL ACTION NO.
1:15-cv-40162-RGS

**DEFENDANTS' STATUS REPORT**

Pursuant to the Court's April 4, 2024 Order (ECF 378), defendants[1] submit this status report with respect to the Department of Correction's (Department's) compliance with the settlement agreement in this case (ECF 362). As discussed below, the systemic issues have been resolved.

**UPDATES TO ACTIONS TO ADDRESS PLAINTIFFS' CONCERNS**

Prior to the April 4, 2024 hearing, the Department had taken numerous actions to address the plaintiffs' concerns about access to captioned telephones (CapTels) and pagers. See ECF 372. Since the April 4, 2024 hearing, the Department has taken several additional steps:

---

[1] At the time the Answer was filed, the Department of Correction defendants were identified as the Department of Correction; Carol Higgins O'Brien, Commissioner; Katherine Chmiel, Deputy Commissioner of Classification, Programs, Re-Entry Division; Paul Henderson, Acting Superintendent, MCI Framingham; Sean Medeiros, Superintendent, MCI Norfolk; Kelly Ryan, Superintendent, MCI Shirley; and Steven O'Brien, Superintendent, Massachusetts Treatment Center. Pursuant to Fed. R. Civ. P. 25(d), the current office holders have succeeded these parties, named in their official capacities.

- On April 10, 2024, the Department produced the discovery and related materials requested at the April 4 hearing. The Department also (1) informed the plaintiffs that, as of April 9, 2024, the Department ADA Coordinator for Incarcerated Individuals had not received any appeals related to the recently completed Disability Accommodations Resources Assessment (DARA) forms; and (2) confirmed that the distribution of pager devices had been completed at all facilities. The Department noted that it had not received from the plaintiffs any specific information raising concerns about the recently completed DARA forms. Finally, the Department invited the plaintiffs to participate in a videoconference at the end of April to address any concerns about access to CapTels and pagers. The plaintiffs did not respond to the invitation.

- By letter dated May 2, 2024, the plaintiffs requested additional information and documents about certain class members and reported that, in April, they had received a report that a CapTel at MCI-Norfolk was broken and unavailable for two weeks. Despite the request for specific information regarding complaints or assertions of non-compliance as they arise so that the allegations could be timely investigated and addressed, the plaintiffs did not provide the name(s) of the class member(s) who made the allegations, the unit, or the specific dates that a CapTel was allegedly broken.

- On May 10, 2024, the Department provided the requested additional information and documentation about certain class members. The Department also responded to the non-specific allegation about a broken CapTel at MCI-Norfolk. Specifically, the Department ADA Coordinator for Incarcerated Individuals had received a complaint about a broken CapTel at MCI-Norfolk. Upon review, institutional staff confirmed that the CapTel on the unit was working. When interviewed, the class member indicated that the CapTel

was working.  The Department indicated that it would review other specific concerns if the plaintiffs provided the name(s) of the class member(s), the unit, and the dates of any alleged malfunctions.  The plaintiffs have not reported any additional concerns in this regard.

- By letter dated June 4, 2024, the plaintiffs informed the Department that they appreciate the steps the Department has taken to ensure that class members have appropriate access to CapTels and pagers.  The plaintiffs, however, proposed an extension of the Settlement Agreement until November 25, 2024, with ongoing document production but without monitoring.  Because all of the plaintiffs' systemic concerns have been fully addressed, the requested extension is absolutely unnecessary.

## CONCLUSION

These measures address the plaintiffs' systemic concerns.  For this reason, the Court should **DENY** the plaintiffs' motion.

|  |  |
|---|---|
|  | DEFENDANTS<br>By their attorneys,<br>NANCY ANKERS WHITE<br>Special Assistant Attorney General |
| Date: June 10, 2024 | /s/Mary P. Murray<br>Mary P. Murray<br>Deputy Supervising Counsel,<br>Bridgewater Correctional Complex,<br>   TC Supervising Counsel<br>Department of Correction Legal Division<br>Massachusetts Treatment Center<br>30 Administration Road<br>Bridgewater, MA 02324<br>(508) 279-8184<br>BBO #555215 |

/s/Daniel J. Dufresne
Daniel J. Dufresne
Counsel
Legal Division
Bridgewater State Hospital
20 Administration Road
Bridgewater, MA  02324
(508) 279-4539
BBO #673894
Daniel.Dufresne@doc.state.ma.us

**CERTIFICATE OF SERVICE**

I, Daniel J. Dufresne, counsel for the DOC Defendants, hereby certify that I have this tenth day of June, 2024, filed electronically with the Court's electronic filing system the above document(s).

Date: June 10, 2024                                    /s/Daniel J. Dufresne
                                                        Daniel J. Dufresne, Counsel