UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD BRIGGS, GEORGE SKINDER, LOUIS MARKHAM, FRANCIS MCGOWAN, ERIC ROLDAN, ROLANDO S. JIMENEZ, AND JENNIFER WARD, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION, *et al.*,<br><br>Defendants. | C.A. No. 1:15-cv-40162-RGS |

**PLAINTIFFS' STATUS REPORT REGARDING THEIR MOTION TO FIND THE MASSACHUSETTS DEPARTMENT OF CORRECTION IN SUBSTANTIAL <u>NON-COMPLIANCE WITH THE SETTLEMENT AGREEMENT</u>**

At the Court's direction (Dkt. 378), Plaintiffs submit this status report regarding Defendant's non-compliance with the Settlement Agreement. Notwithstanding Defendants' recent actions to address noncompliance with the Settlement Agreement, such compliance did not occur until Plaintiffs filed a motion. Plaintiffs thus have ongoing concerns and ask the Court to grant their motion for non-compliance (Dkt. 362) because "there has been substantial non-compliance . . . during the three (3) year period" of the Settlement Agreement. *See* Settlement Agreement XX(H).

Since the hearing on Plaintiffs' non-compliance motion on April 4, 2024, Defendants have made three productions of documents requested by Plaintiffs. Based on Plaintiffs' review of those documents, Defendants appear to have completed reassessing class members and have granted CapTel and pager access to all class members requesting those accommodations.

1

Accordingly, as of the most recent production of documents, Plaintiffs are not aware of any substantial non-compliance with the Settlement Agreement's CapTel and pager provisions.

Given Defendants' longstanding non-compliance and failure to voluntarily comply with the Settlement Agreement, Plaintiffs nevertheless remain concerned about compliance with the CapTel and pager provisions. Until recently, Defendants were in substantial non-compliance with the Settlement Agreement and the non-compliance lasted for well over a year. Defendants were informed of their non-compliance in writing by the Settlement Monitor in January of 2023 and by Plaintiffs' counsel through the Settlement Agreement's informal dispute resolution process in March and April of 2023, but they refused to make any changes to their non-compliant policies or practices until Plaintiffs were put through the significant time and expense of preparing and filing the non-compliance motion. Indeed, Defendants have not argued otherwise; Defendants have only argued that their remedial efforts have resulted in compliance.

The Settlement Agreement expressly contemplates extension in these circumstances. *See* Settlement Agreement XX(H) (authorizing the Court to extend jurisdiction over the Settlement Agreement for up to two years if it determines "***there has been*** substantial non-compliance . . . ***at any time*** during the three (3) year period of this Agreement") (emphasis added). Granting Plaintiffs' motion would be consistent with case law assessing substantial non-compliance as of the date the parties were unable to resolve the issue through a settlement agreement's informal dispute resolution process—which, in this case, was concluded by May 2023—regardless of defendants' later actions to come into compliance. *See Rolland v. Cellucci*, 138 F. Supp. 2d 110, 114 (D. Mass. 2001). It is also consistent with caselaw vacating termination of a consent decree because there had not been a period of substantial compliance. *See Rouser v. White*, 825 F.3d 1076, 1085 (9th Cir. 2016) ("Under no circumstances should the district court consider

2

terminating a decree unless and until there has been a substantial period of substantial compliance").

During the period of Defendants' prolonged non-compliance, hundreds of class members were wrongfully denied accommodations necessary for them to effectively access announcements within prison and to communicate with legal counsel, loved ones, and acquaintances outside of prison. Given that Defendants only came into compliance when faced with the threat of a judicial remedy, Plaintiffs remain concerned that problems will recur. This concern is heightened by the fact that, starting in July 2024, the Department of Correction will have a new healthcare provider responsible for conducting hearing loss screenings and determining whether accommodations are clinically indicated. These undisputed facts and circumstances provide ample authority the Court to extend the Settlement Agreement to allow for a substantial period of compliance to occur. Doing so would not place any undue burden on Defendants if they are truly in compliance as represented.

In light of Defendant's clear and substantial non-compliance during the term of the Settlement Agreement, Plaintiffs ask the Court to grant their non-compliance motion and extend the CapTel and pager-related provisions of the Settlement Agreement until November 25, 2024 (one year from its presumptive expiration). Plaintiffs believe this extension is necessary to ensure that Plaintiffs receive the accommodations to which they are entitled, and which Defendants agreed to provide.

Dated: June 10, 2024            Respectfully submitted,

**Plaintiffs Leonard Briggs, George Skinder, Rolando S. Jimenez, Louis Markham, Francis McGowan, Eric Roldan, and Jennifer Ward,**

By their attorneys,

*/s/ James R. Pingeon*
James R. Pingeon, BBO #541852
Michael J. Horrell, BBO #690685
PRISONERS' LEGAL SERVICES
50 Federal St., 4th Floor
Boston, MA 02110
(617) 482-2773
jpingeon@plsma.org
mhorrell@plsma.org

*/s/ Tatum A. Pritchard*
Tatum A. Pritchard, BBO #664502
DISABILITY LAW CENTER, INC.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723-8455
tpritchard@dlc-ma.org

*/s/ Lisa J. Pirozzolo*
Lisa J. Pirozzolo, BBO #561922
Megan E. Barriger, BBO #687707
Stephanie Lin, BBO #690909
George F. Manley, BBO #703665
Rama Vine, BBO# 699395
Tess Ambrose Foley, BBO #703417
Christina Luo, BBO #705590
Edward W. Hasen, BBO #709251
John F. Saylor, BBO #711611
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Lisa.Pirozzolo@wilmerhale.com
Megan.Barriger@wilmerhale.com
Stephanie.Lin@wilmerhale.com
George.Manley@wilmerhale.com
Rama.Vine@wilmerhale.com
Tess.Foley@wilmerhale.com
Christina.Luo@wilmerhale.com
Ted.Hasen@wilmerhale.com
John.Saylor@wilmerhale.com

/s/ *Kaitlin Banner*
Kaitlin Banner (DC Bar #1000436)
WASHINGTON LAWYER'S COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
700 14th St. N.W., Suite 400
Washington, DC 20005
(202) 319-1000
Kaitlin_Banner@washlaw.org

## CERTIFICATE OF SERVICE

I, Michael J. Horrell, hereby certify that a true and accurate copy of this document was served via ECF to all registered participants as identified on the Notice of Electronic filing and paper copies will be sent to those indicated as nonregistered participants on June 10, 2024.

/s/ *Michael J. Horrell*
Michael J. Horrell, BBO #690685