UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-cv-40162-RGS

LEONARD BRIGGS, GEORGE SKINDER,
LOUIS MARKHAM, FRANCIS McGOWAN,
ERIC ROLDAN, ROLANDO S. JIMENEZ,
and JENNIFER WARD, on behalf of themselves
and others similarly situated,

v.

MASSACHUSETTS DEPARTMENT
OF CORRECTION, et al.

SUPPLEMENTAL ORDER ON DEPARTMENT OF CORRECTION'S
PLAN FOR SUPPLEMENTAL EMERGENCY NOTIFICATIONS TO
DEAF AND HARD OF HEARING INDIVIDUALS

November 3, 2025

STEARNS, D.J.

On October 29, 2025, the parties' submitted a joint status report to address an issue concerning the Massachusetts Department of Correction's (DOC) implementation of the Supplemental Emergency Notifications to Deaf and Hard of Hearing Individuals requiring that all individuals identified as Deaf or Hard of Hearing (DHH) be placed in cells equipped with an Alertus Beacon visual alarm. *See* Joint Status Report (Dkt. #410) at 1. Apparently, some of the DHH class members "are highly stressed about the

forced relocation" from their current cells to those with the visual alarm. *Id.* at 2.

It is plaintiffs' position that DOC "should not force a Deaf or Hard-of-Hearing class member to relocate to a cell equipped with an Alertus Beacon without first conducting an individualized assessment of the need for such an accommodation, taking into account the person's level of hearing loss, ability to hear audible alarms, and preference for remaining in their current cell." *Id.* Plaintiffs also assert that "DOC's policy requiring every individual with a hearing impairment to accept an accommodation they do not need and wish to decline is directly contrary to Title II of the Americans with Disabilities Act (ADA) and conflicts with the court's rulings in this case." *Id.* at 1-2.

It is DOC's position that plaintiffs advocated for and agreed to the requirement that all Deaf or Hard-of-Hearing individuals be placed in a cell equipped with an Alertus Beacon visual alarm, as expressly incorporated in the Plan and mandated by the Court's Order. Moreover DOC asserts that to do otherwise, (1) "will not ensure that all DHH individuals receive timely emergency notifications;" (2) "will likely lead to additional litigation in situations where DOC either determines that an individual class member would be "unsafe" if the individual remained in a cell that was not equipped

with a visual alarm over that individual's objection, or in situations where – due to limitations inherent in auditory testing or the variations in the environmental noise at the facility;" (3) "allowing DHH individuals to decline a cell assignment would accord them an unwarranted special status that non-DHH individuals do not have and may expose the DOC to claims of violation of equal protection rights of non-DHH individuals;" and (4) if DOC were to permit all individuals (whether they are class members or not) to decline placement in cells equipped with visual alarms, it would improperly restrict DOC's ability to manage its population and facilities." Dkt. #410 at 11-12.

After a review of the court's Findings of Fact and Rulings of Law After a Bench Trial (Dkt. #368); Defendants' Plan for Supplemental Emergency Notifications to Class Members Plan (PLAN) (Dkt. #394); and various status reports, the court finds that DOC's position adheres faithfully to the parties' agreement as set out in its PLAN undertaken for the benefit of the plaintiff class. DOC is charged with prison safety and the welfare of its inmates. The court will not micromanage that concern by now altering a carefully balanced agreed-to judgment in this case. The court shares DOC's concern that a reformation of the settlement along the lines plaintiffs now suggest is an unwanted invitation to further litigation and, moreover, creates a potential for undue endangerment to inmates who might be mistakenly classified

under plaintiffs' new proposal, as well as the prison staff responsible for their evacuation in the event of an emergency. Accordingly, the court declines to reopen this case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE
